|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)** <br> **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.** <br> **875 Third Avenue, 9th Floor** <br> **New York, New York 10022** <br> **Phone: 212-603-6033** <br> **Fax: 212-956-2164** <br> **Counsel to Debtors** <br> **FRED B. RINGEL** <br> **MICHAEL A. LEON** <br> **CLEMENT YEE** | |
| **In Re:** <br><br> **POCMONT PROPERTIES, LLC et al,** <br><br> **Debtors.** | Case No.: 14-16493 <br><br> Jointly Administered <br><br> Judge: Christine M. Gravelle <br><br> Chapter: 11 |

### DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO SOLICIT ACCEPTANCES OF DEBTORS' JOINT PLAN OF REORGANIZATION AND FOR RELATED RELIEF

TO THE HONORABLE CHRISTINE M. GRAVELLE
UNITED STATES BANKRUPTCY JUDGE:

Pocmont Properties, LLC ("Properties") and Pocmont Holdings LLC ("Holdings," and together with Properties, the "Debtors"), the above-captioned Debtors, by and through their counsel, Robinson Brog Leinwand Greene Genovese & Gluck, P.C. and their local counsel, Wasserman, Jurista & Stolz, seek the entry of an order, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtors have the exclusive right to solicit acceptances with respect to their plan of reorganization through and including April 6, 2015. In support thereof, the Debtors state:

{00704522.DOCX;1 }

## BACKGROUND

1. On April 2, 2014, (the "Petition Date"), Properties filed a voluntary petition for relief under Chapter 11, Title 11, United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), whereas on June 9, 2014 Holdings filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. By order of this Court, the chapter 11 cases of Properties and Holdings are being jointly administered. The Debtors continue to operate their businesses and manage their properties pursuant to Bankruptcy Code §§ 1107(a) and 1108 as a Debtor-in-Possession.

2. Properties owns the real property located on Bushkill Falls Road, in Pike County Pennsylvania. From the property, Holdings, operates the Bushkill Inn & Conference Center (the "Bushkill Inn"). The Bushkill Inn consists of a luxury hotel with 166 rooms located on 160 acres in the Pocono Mountains. The members of the Debtors purchased the property in 2012 when it had been shuttered for several years and through their investment, performed a "gut" renovation turning the property into what is now a luxury resort and conference center.

3. On August 18, 2014 the Debtors have already filed their Joint Plan of Reorganization (the "Plan") and corresponding disclosure statement.

## RELIEF REQUESTED

4. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtors have the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtors are given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant

to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

5.  The Debtors have already filed their Plan and are therefore not requesting an extension of the Exclusivity Period. However, out of an abundance of caution, the Debtors desire to maintain exclusivity with respect to soliciting votes on the Plan, and accordingly, the Debtors seek an extension of the Acceptance Period. The current Acceptance Period for the Debtors expire on December 6, 2014 for Holdings and January 27, 2015 for Properties. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

6.  This is Holdings first request for an extension of the Acceptance Period and Properties second request for an extension of the Acceptance Period, which was extended by order of this Court. Accordingly, the Debtor seeks the entry of an order extending the Acceptance Period for 120 days, with respect to Holdings and 69 days, with respect to Properties, to and including April 6, 2015, to ensure that this Court, the Debtors and other parties in interest are not distracted by competing solicitations of the Plan.

7.  The Debtors are also seeking an extension so that the deadline for the Acceptance Period in both cases will hereafter be on the same date making this jointly administered case easier to administer. The Debtors submit they should be granted the requested extension of the Acceptance Period so that they will have sufficient time to solicit acceptances of and confirm the Plan.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

10. The Debtors' Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

11. In making a determination whether to extend the Exclusive Periods, Courts have considered:

   (a) the size and complexity of the case;
   (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
   (c) the existence of good faith progress toward reorganization;
   (d) whether the Debtor is paying its debts as they become due;
   (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   (f) whether the debtor has made progress in negotiations with its creditors;
   (g) the length of time the case has been pending;
   (h) whether the Debtor is seeking an extension to pressure creditors; and
   (i) whether or not an unresolved contingency exists.

In re Central Jersey Airport Services, LLC., 282 B.R. 176, 184 (Bankr. D. N.J. 2002); In re Dow Corning Corp., 208 B.R. 661 (Bankr. E.D. Mich. 1997); In re Adelphia Communications Corp., 352 B.R. 578 (Bankr. S.D.N.Y. 2006).

12. Courts generally agree that a mechanical application of the enumerated factors should not be the extent of the analysis, but that it should include an evaluation of a global or holistic view of the case. In re Adelphia Communications Corp., 352 B.R. 578, 582, 590 (Bankr. S.D.N.Y. 2006) (a practical call can override a mere toting up of the factors); In re Dow Corning Corp., 208 B.R. 661 (Bankr. E.D. Mich. 1997).

13. In making its determination of the Debtors' request, this Court should take into account that the Debtors have already filed the Plan and are only requesting an extension of the Acceptance Period. Additionally, this is Holdings' first request for such an extension and

Properties is submitting such request so that its solicitation deadline will be the same as Holdings, and the Debtors can now be on the same solicitation deadline for the same Plan. The Debtors submit that factors "(h)" and "(i)" are inapplicable to these cases. The Debtors submit that a review of factors "(a)" through "(g)" favors granting the relief requested.

14. Since the Petition Date, the Debtors have accomplished a great deal, including performing its statutorily required administrative tasks, which involved the timely filing of their schedules and statement of financial affairs, the filing of monthly operating reports, and conducting the 341 meeting. Further, the Debtors have filed the Plan, which provides for a plan sponsor to invest up to $1,600,000 over the first and second mortgages against the property owned by Properties which mortgages will remain unimpaired by the Plan. The plan sponsor has already provided the Debtors with a $400,000 good faith deposit towards its obligation to fund the Plan. The Debtors have also filed their corresponding disclosure statement which is currently pending before this Court and is set to be heard on December 16, 2014. The Debtors are confident that their disclosure statement will be approved and upon approval of the Disclosure Statement, they will solicit acceptances of the Plan.

15. The Debtors are also diligently pursuing claims and causes of actions it may have against other parties. Properties filed an adversary proceeding against Nisan Funding LLC ("Nisan") to avoid a disputed mortgage and invalidate the purported loan between the Debtor and Nisan. Properties obtained an order granting summary judgment with respect to the avoidance of the disputed mortgage. Currently pending before this Court is Properties' motion for summary judgment on the remaining counts in its complaint which would effectively invalidate the purported loan between Properties and Nisan. In addition to pursuing their claims against Nisan,

the Debtors have also filed an objection to the claims of Michael Spitzer and Mordechai Fligman, who asserted a joint claim of $1,058,995.35 against the Debtors.

16. Additionally, the Debtors successfully defended themselves against a motion to appoint a trustee filed by Golden Bull Fixed Income Fund II, LLC, which was denied.

17. Further, the Debtors are current with respect to its postpetition obligations and continues to make adequate protection payments to its secured creditors pursuant to section 362(d)(3) of the Bankruptcy Code.

18. The Debtors submit that in light of the instant facts and circumstances that good cause exists to extend the Acceptance Period. The Debtors believe that the requested extension will promote the orderly reorganization of the Debtors without the need to devote unnecessary time, money and energy to defending against or responding to competing attempts to solicit the Plan.

19. The Debtors have served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, the Debtors' secured creditors, and all parties who have filed notices of appearance in this case. The Debtors submit that such service be deemed appropriate and sufficient under the circumstances.

20. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtors respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(c)(3) and (d) of the Bankruptcy Code extending the Debtors' right to solicit acceptances with respect thereto to and including April 6, 2015 and granting to the Debtors such other and further relief as may be just and appropriate.

| | |
|---|---|
| Dated: December 5, 2014<br>New York, New York | Robinson Brog Leinwand Greene Genovese & Gluck P.C.<br>Counsel to the Debtors<br>875 Third Avenue, 9th Floor<br>New York, NY 10022<br>Tel. No.: 212-603-6345<br><br>By: /s/ Fred B. Ringel<br>Fred B. Ringel<br><br>and<br><br>Wasserman, Jurista & Stolz, P.C.<br>Local Counsel to the Debtors<br>Milburn Avenue, Suite 207<br>PO Box 1029<br>Milburn, NJ 07041 |